GAUDIN, Judge.
This is an appeal from the Juvenile Court of Jefferson Parish. A 16-year-old male, identified as DH, was adjudicated a delinquent for violation of LSA-R.S. 14:129.1, which prohibits the intimidating or threatening of a witness.
DH was committed for five years or until his 21st birthday, whichever came first. A review of the sentence would be held in six months. On appeal, DH assigns these errors:
(1) DH’s father and mother were absent from the adjudication and disposition hearings,
(2) DH’s voice on a tape recorder was inadequately identified, and
(3) the sentence was excessive.
For the following reasons, we affirm DH’s adjudication but we remand for another disposition hearing after notice to both parents.
The adjudication hearing was held on August 21, 1991. Matthew Gennaro testified that after a .44 magnum pistol, a radar detector, a gold watch and other items had been stolen from his automobile, he made a court appearance involving DH, who had been charged with possession of the stolen property. During this appearance, DH realized that Gennaro was the victim of the theft.
The following day, Gennaro received this message on his telephone answering machine:
“Fuck you cowboy ... Who are you talking to ... You know who you’re talking to boy? ... (then some rap sounds) ... Mother fucker like it boy ... You don’t fuck with me, you know, I’m going to leave a message bitch ... You don’t do that to me white boy ... You know white boy, you messed me up bitch ... I’m going to kill you ... I, I swear, I swear I’m going to kill you ... mother fucker honkee bitch ... Catch you later honkee with your big car, mother fucker.”
The tape from Gennaro’s answering machine was played in the courtroom and introduced in evidence. Gennaro, who had heard DH speak at the courthouse, testified that he immediately recognized the voice as DH’s. Leslie Marx, a juvenile *379 probation officer familiar with DH, also testified that the voice on the tape was DH’s. Marx said that she had spoken with DH in person and by telephone and that she had heard other recordations of his voice.
DH denied that the recorded voice was his but the trial judge found otherwise, stating to DH:
“... I’ve got to give you any reasonable doubt in your favor but I can’t find any ... I find that you are guilty of being a delinquent by having committed the offense of intimidating, impeding or injuring witnesses, R.S. 14:129.1.”
Although Gennaro and Marx were not experts in voice identification, they both gave first hand testimony connecting DH to the recorded voice on the answering machine. The trial judge did not err in admitting Gennaro’s tape or in accepting as valid the testimony of Gennaro and Marx. Their familiarity with DH’s voice was sufficiently demonstrated.
DH argues that his adjudication should be set aside because his father and mother were not present. DH’s attorney did not object to their absence, however. DH did not at the hearing and does not now allege surprise, unfairness or prejudice. Such an objection concerning the parent’s absence cannot be made for the first time on appeal, especially if prejudice of some kind is neither complained of nor shown.
When the case was called, DH’s attorney straightforwardly said: “Defense is ready for trial.” The hearing then proceeded without any objection.
If a parent is not named in a delinquency petition and not served with notice of the hearing, the defect is one of form, not substance, and would not invalidate a hearing if no objection was lodged by the juvenile’s attorney.
The disposition hearing was held on September 19, 1991. DH’s mother was in the hall outside the courtroom but for some reason her presence was unknown to DH’s counsel, to the state’s attorney and to the trial judge. Only after the hearing had been concluded did it become known that DH’s mother had checked in with the bailiff but thereafter had sat unnoticed. Before the hearing started, DH’s attorney advised the court that DH “would like his parents here for the disposition.”
Under these circumstances, we will set aside the disposition and remand for another hearing after notice to DH’s father and mother.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.