NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 KJ 1266

STATE OF LOUISIANA IN THE INTEREST OF A. B.

*Judgment Rendered:* MAR 1 2 2020

* * * * * * * *

Appealed from the Juvenile Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. JU113456

The Honorable Pamela Taylor Johnson, Judge Presiding

* * * * * * * *

Hillar Moore, III
District Attorney
Andrea "Andi" Neal
Assistant District Attorney
Baton Rouge, Louisiana

Counsel for Appellant
State of Louisiana

Philip J. Burse
Baton Rouge, Louisiana

Counsel for Appellee/Defendant
A. B.

* * * * * * * *

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

**THERIOT, J.**

The juvenile, A.B., was charged by petition in juvenile court with armed robbery, a violation of La. R.S. 14:64 (count 1) and illegal possession of a handgun by a juvenile, a violation of La. R.S. 14:95.8 (count 2). She denied the allegations and, following an adjudication hearing, was adjudicated a delinquent on both counts. Prior to the disposition, A.B. filed a motion for new trial. Following a hearing on the matter, the court granted the motion. A.B. then filed a motion to dismiss the charges. Following a hearing on the matter, the court granted the motion. The State now appeals, designating two assignments of error. We vacate the ruling granting the motion to dismiss, reverse the ruling granting the motion for new trial, and reinstate A.B.'s adjudication.

## FACTS

On the morning of January 12, 2019, sixteen-year-old A.B. and a male she was with approached Friday Attachema, who was on his property in Baton Rouge. Attachema was about to get in the passenger side of the car his wife was driving when A.B. asked to use his phone. Attachema allowed A.B. to use his phone to make a phone call. After hanging up, A.B. and the male companion pulled out handguns. The male companion kept his gun pointed at Attachema, while A.B. went to the driver's side, opened the door, and took Attachema's wife's purse. A.B. and the male companion took the purse, Attachema's wife's iPhone, bank cards, and about thirty dollars in cash from Attachema. A car pulled up. A.B. and the male companion got in the car and left. Attachema followed the car up to Plank Road, then returned home. Attachema identified A.B. in a photographic lineup and in court.

## ASSIGNMENTS OF ERROR NOS. 1 and 2

In these related assignments of error, the State argues, respectively, that the court erred in granting the motion for new trial because A.B.'s mother was not

2

present at the adjudication hearing; and the court erred in granting A.B.'s motion to dismiss because of the State's alleged failure to timely commence the adjudication hearing within the applicable time limits.

Following the adjudication of A.B., defense counsel filed a motion for new trial, arguing that the adjudication of A.B. was defective because A.B.'s mother was not served and was, therefore, not present at the adjudication hearing. The motion for new trial and disposition hearings were scheduled on the same day. Following argument on the motion for new trial, the court granted the motion. Given this ruling by the court, no disposition was imposed. About three weeks later, defense counsel filed a motion to dismiss the charges against A.B., alleging the State had not timely instituted the new prosecution. Following argument at the hearing, the court granted the motion to dismiss.

A juvenile court's legal findings are subject to a *de novo* standard of review. **State in Interest of C.H.**, 2015-1024 (La. App. 1st Cir. 11/6/15), 183 So.3d 567, 570. Because the granting of the motion for new trial was error, the granting of the motion to dismiss was also error.

At the motion for new trial hearing, defense counsel stated that Monique Smith, A.B.'s mother, was never served with process so she could attend A.B.'s adjudication hearing, in accordance with La. Ch. Code art. 849.[1] Defense counsel further stated he did not waive Smith's presence at the adjudication hearing. Smith testified that she was never served and that if she had been, she would have been present at the adjudication hearing.

It appears, however, that service was attempted on Smith. At the adjudication hearing, the prosecutor informed the court the State had requested that Smith be served. The prosecutor also pointed out at the motion for new trial

---

[1] If a parent resides within the State, service shall be made personally or by domiciliary service or by certified mail as soon as possible and not less than forty-eight hours prior to commencement of the adjudication hearing on the matter. La. Ch. Code art. 849(A).

3

hearing that the court did attempt service on Smith. Further, at the new trial hearing, the court indicated service was attempted on April 2, 2019. The minute entry for the adjudication hearing before the court states that A.B.'s mother was not present and "the court found that the mother service return for this date was due and diligent and the mother has not signed previous notices."

Further, despite defense counsel's assertion at the motion for new trial hearing, it appears from the record that Smith's presence was waived at the adjudication hearing. It must be noted that prior to the adjudication hearing, Smith's absence from *all* of A.B.'s hearings had become typical. At A.B.'s detention hearing on March 1, 2019, defense counsel waived Smith's presence. Then, at the March 6, 2019 detention hearing, wherein A.B. answered the petition, Smith's presence was again waived. Defense counsel informed the court that Smith had trouble with transportation that morning, but that Smith would be at the trial date. The court sought to ensure that defense counsel had a correct address and phone number for Smith. Defense counsel assured the court he did. The court asked A.B. if the address the court had was Smith's correct address, to which A.B. replied, "Yes ma'am." The court asked for Smith's phone number, and A.B. provided the phone number. A.B. told the court that in the last week, she had spoken to her mother three times, including the day before. A.B. explained at the March 6, 2019 detention hearing that Smith did not have transportation because A.B.'s sister was pregnant and the car was at the hospital. Thus, throughout the entirety of A.B.'s incarceration, Smith never attended a hearing. Her first appearance was at the motion for new trial hearing.

As discussed, at the adjudication hearing, Smith was again not present. A.B. informed the court that her mother was at work and could not make it. Defense counsel, who had apparently recently talked to Smith, told the court, "The reason her mother said she wasn't going to be present for today, but apparently, she

couldn't get off work." The court then told the attorneys to proceed, and the first witness was called.

Thus, despite defense counsel's protestations at the motion for new trial hearing, Smith's presence was waived implicitly, if not explicitly. At the adjudication hearing, defense counsel and A.B. both indicated that Smith was not present because she had to work, not because she had not been served or because she did not know about the trial date. Moreover, defense counsel never objected to Smith's absence or asked for a continuance because of her absence. See La. Code Crim. P. art. 841(A).

The record before us reveals that Smith did not attend the adjudication hearing, not because she was not served, but because she had no intention of attending; or, if defense counsel and A.B. are to be believed, because she was working that day. In any case, her absence was not caused by the State. Smith made it clear she stayed in touch with defense counsel and A.B. and, as such, there is no reason why Smith would not have known about the adjudication hearing. At the motion for new trial hearing, Smith in fact informed the court that defense counsel had told her about the court date a couple of days before the adjudication hearing. Smith told defense counsel, however, that she had started a new job and did not know if she would be able to make the court date.

Smith's own testimony at the motion for new trial hearing also made it clear that she felt A.B. needed to spend time in jail. When asked why she had not "bonded" her daughter out when she was incarcerated, Smith replied, "Cause at the time I knew it wasn't - I didn't – [i]t wasn't time for her to come home. I wanted her to sit for a while." When asked why she never asked about a court date, Smith stated: "Because - because of prior situations that was going before they put [A.B.] in custody. Things that was going on at the home that - that I had to call, you know, offices [sic] out for. I wasn't really trying to come her [sic] and I knew

you guys would gone try and making me get her." Smith noted A.B. had been coming to court since she was thirteen years old. When the court asked Smith if she wanted to know when the court dates were, Smith replied: "No. I didn't. I really - I knew - Wanted to know I could of came to court and said, 'Well I refuse to take her home.' I mean, you guys have summoned me plenty of times. It's not [A.B.]'s first ride." Smith added: "At the time, with everything that [A.B.] was going on, custody was the best thing for her. I've called the court so many times and asked for help before [A.B.] caught these charges and asked them for help."

Despite A.B.'s argument in brief, there is nothing in the Children's Code that suggests that a lack of, or faulty, service of process results in a defective adjudication hearing, requiring a new trial. Louisiana Children's Code article 853, titled "Effect of nonappearance by a parent," provides:

> If it appears from the record that the parent has been served in accordance with Article 849 or 852 and summoned to any hearing, or cannot be found, and the parent fails to appear, the hearing may be held in the parent's absence. The court shall appoint counsel for the child.

The Comment to Article 853 provides:

> This provision is new but reflects a common practice that in delinquency matters the court ought not be paralyzed when a parent cannot be found or a properly served parent fails to appear. However, when no parent is present, the appointment of counsel is mandatory in order to ensure that the child is fully protected.

It is clear from the plain language of the statute that the law contemplates a parent not being able to be found, separate and apart from any service of process. In **State in Interest of D.H.**, 601 So.2d 377, 379 (La. App. 5th Cir. 1992), the court found:

> DH argues that his adjudication should be set aside because his father and mother were not present. DH's attorney did not object to their absence, however. DH did not at the hearing and does not now allege surprise, unfairness or prejudice. Such an objection concerning the parent's absence cannot be made for the first time on appeal, especially if prejudice of some kind is neither complained of nor shown.

6

When the case was called, DH's attorney straightforwardly said: "Defense is ready for trial." The hearing then proceeded without any objection.

If a parent is not named in a delinquency petition and not served with notice of the hearing, the defect is one of form, not substance, and would not invalidate a hearing if no objection was lodged by the juvenile's attorney.

At all times, A.B. had appointed counsel and her rights were protected. The lack of Smith's presence did not cause surprise, unfairness, or prejudice at the adjudication hearing. There was no defect in the adjudication hearing. We find, therefore, that the court erred in granting the motion for new trial. That ruling is reversed, and A.B.'s adjudication as a delinquent for armed robbery and illegal possession of a handgun by a juvenile is reinstated.

Consequently, the ruling granting the motion to dismiss is vacated and any argument on appeal regarding this issue is moot.

We remand to the juvenile court for the disposition hearing.

## DECREE

Because a new trial was improvidently granted in this matter, the granting of the motion to dismiss was error. Accordingly, the ruling granting the motion for new trial is reversed and the ruling granting the motion to dismiss is vacated. The adjudication is reinstated. The matter is remanded for a disposition hearing.

**RULING GRANTING MOTION TO DISMISS VACATED; RULING GRANTING MOTION FOR NEW TRIAL REVERSED; A.B.'S ADJUDICATION AS DELINQUENT IS REINSTATED; REMANDED FOR DISPOSITION HEARING.**